UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BERNARD CAMPBELL, : | |
| : | |
| Plaintiff, : | Civil No. 10-6584 (JBS) |
| : | |
| v. : | |
| : | **ORDER** |
| GIBB, et al., : | |
| : | |
| Defendants. : | |

For the reasons expressed in the Court's Opinion filed herewith,

It is on this **21st** day of **February**, 2012,

ORDERED that Plaintiff's Eighth Amendment denial of medical care claim, the claims asserting unlawful retaliation and conspiracy, and the claims based on §§ 1981, 1985(3) and 1986, as set forth in Plaintiff's amended Complaint (Docket entry no. 7), are DISMISSED WITH PREJUDICE, in their entirety, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted; and it is further

ORDERED that Plaintiff's Eighth Amendment excessive force claim against defendant, James Gibb, and his claim against defendants, Nicoletta Turner-Foster, Abigail Lopez and Warden Donna Zickefoose, based on supervisor liability in relation to

the excessive force claim asserted against defendant Gibb, SHALL PROCEED at this time; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon the named defendants, James Gibb, Nicoletta Turner-Foster, Abigail Lopez and Warden Donna Zickefoose, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), the above named defendants, once served, shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with plaintiff's Application for Pro Bono Counsel.


    s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief U.S. District Judge